UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

CLAYTON WELCH,

      Plaintiff,

  v.

MERCK & COMPANY, INC., MCKESSON CORPORATION, and DOES 1 through 100 inclusive

      Defendant.

CASE NO. CIV. S-05-2267 WBS DAD

MEMORANDUM AND ORDER RE: MOTION TO REMAND AND MOTION TO STAY

----oo0oo----

      Plaintiff Clayton Welch brought this action in the Superior Court in and for the County of Los Angeles for damages related to a heart attack allegedly caused by the drug Vioxx. The action was removed to this court on November 7, 2005. Plaintiff now seeks a remand to state court and attorneys' fees incurred in connection with that motion. Defendant Merck opposes plaintiff's motion to remand and moves the court to stay this case pending transfer to the Eastern District of Louisiana pursuant to 28 U.S.C. § 1407.

///

1

I.   <u>Factual and Procedural Background</u>

Defendant Merck is a pharmaceutical company incorporated and having its principal place of business in New Jersey.  Defendant McKesson Corporation is a California corporation that allegedly serves as the state's primary distributor of pharmaceuticals, including Merck's products.  Prior to September, 2004, Merck manufactured and marketed Vioxx, a nonsteroidal anti-inflammatory drug ("NSAID") used to treat arthritis and acute pain.  However, on September 30, 2004, Merck voluntarily withdrew Vioxx from the market in light of evidence that patients taking the drug experienced cardiovascular complications.

Multidistrict litigation ("MDL") against Merck, arising from consumption of Vioxx, is currently pending in the federal courts.  On February 16, 2005, the Judicial Panel on Multidistrict Litigation ("JPML") consolidated 138 federal cases involving Vioxx and transferred them to the Eastern District of Louisiana.  <u>See</u> MDL Panel Docket No. 05-1657 (E.D. La. Jan. 24, 2006) (CTO-36).  At last count, 2,836 additional Vioxx cases had been transferred there.  <u>Id.</u>

Meanwhile, an equally large consolidated action, Judicial Counsel Coordination Proceeding ("JCCP") 4247, is progressing against Merck in Los Angeles Superior Court.  The instant action was originally a part of that state court proceeding, before it was removed to this court, and plaintiff would like to continue to litigate this matter there.  Significantly, plaintiff (who, like McKesson, is a citizen of California) contends that Merck's removal of this action based on

2

diversity jurisdiction was improper.  Accordingly, plaintiff asks this court to remand this case.

In response, defendant Merck moves to stay this action in light of an expected decision by the MDL court to transfer this matter.[1]  Merck argues that after the transfer is complete, the MDL court will be in the best position to provide a uniform answer to the question presented here:  whether McKesson was fraudulently joined for the purpose of defeating diversity jurisdiction.

II.  Discussion

The power to stay proceedings "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  Landis v. N. Am. Co., 299 U.S. 248, 254 (1936).  Moreover, a stay, and deference to the MDL transferee court, is particularly appropriate when the parties contest issues that are "likely to arise in other actions pending" in the consolidated proceedings.  Conroy v. Fresh Del Monte Produce Inc., 325 F. Supp. 2d 1049, 1053 (N.D. Cal. 2004).

On January 25, 2006, this court issued a stay in Leeson v. Merck & Co., No. 05-2240.  That case, which also involved a

---

[1] Conditional Transfer Order ("CTO") 34 marked this case as potentially transferrable to the MDL proceedings.  MDL Panel Docket No. 05-1657 (E.D. La. Dec. 6, 2005) (CTO-34) (docketed Dec. 23, 2005).  Plaintiff opposed transfer on December 20, 2005.  Id.  Consequently, actual transfer of this action has been delayed, although a decision from the MDL court is expected shortly.  See Letter from Wm. Terrell Hodges, Chairman, U.S. JPML to Judges of the Eastern District of California (Dec. 20, 2005) (noting that, while the court may consider pending motions to remand in the instant case, waiting to rule "may be especially appropriate if the motion raises questions likely to arise in other actions in the transferee court . . . .").

plaintiff's motion to remand and defendants' motion to stay, is in many respects identical to the instant matter.  Significantly, the parties in Leeson also disputed whether defendant McKesson had been fraudulently joined, an issue which will determine whether plaintiff's case against defendant Merck will proceed in the Los Angeles Coordinated Proceeding for Vioxx products liability cases or in the federal MDL in Louisiana.  For the reasons stated in that order, the court will also stay this case.

In so holding, the undersigned continues a recent trend in this court to stay the Vioxx products liability cases against Merck.  Lame Bull v. Merck & Co., No. S-05-2465, slip op. (E.D. Cal. Jan. 23, 2006); see also Parker ex rel. Dunn v. Merck & Co., No. S-05-2446, slip op. (E.D. Cal. Jan. 24, 2006) (continuing the hearing on the parties' motions to remand and stay until May 8, 2006); Crook v. Merck & Co., No. S-05-2436, minute order (E.D. Cal. Jan. 19, 2006) (finding the parties' motions to remand and stay moot in light of a CTO; vacating a hearing on the motion).  The approach emerging in the Eastern District of California is also consistent with decisions in the Northern and Southern Districts.[2]  Johnson v. Merck & Co., No. 05-02881, slip op. at 2 (N.D. Cal. Oct. 3, 2005) (granting defendant's motion to stay); see also In re Vioxx Prod. Liability Cases, No. 05-0943, slip op. at 5 (S.D. Cal. July 11, 2005) (staying 18 consolidated cases and denying without prejudice plaintiff's motion to remand; these

---

[2] The exception to this practice has been the Central District of California, where the court has routinely remanded cases involving Vioxx and McKesson.  See, e.g., Aaroe v. Merck & Co., No. 05-5559, slip op. at 2 (C.D. Cal. Sept. 1, 2005); Aaron v. Merck & Co., No. 05-4073, slip op. at 2 (C.D. Cal. July 26, 2005).

4

cases were transferred to the MDL court in late 2005).  In the interest of judicial economy and to further the consistency that MDL proceedings aim to provide, staying the instant action is appropriate.

　　　　　IT IS THEREFORE ORDERED that:

　　　　　(1) defendant's motion to stay be, and the same hereby is, GRANTED;

　　　　　(2) plaintiff's motion to remand be, and the same hereby is, DENIED WITHOUT PREJUDICE; and

　　　　　(3) plaintiff's motion for attorneys' fees and costs be, and the same hereby is, DENIED.[3]

DATED:  February 3, 2006

　　　　　　　　　　　　　　　WILLIAM B. SHUBB
　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

---

[3] An order directing "payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal" is only warranted when the motion to remand is granted.  See 28 U.S.C. § 1447(c).

5